# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| LAWRENCE R. COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV425-042 |
| | ) |
| SHERIFF RICHARD COLEMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

*Pro se* plaintiff Lawrence R. Cooper filed a 42 U.S.C. § 1983 Complaint alleging that he has been overly, or perhaps improperly, charged a copayment for medical care he has received while in the custody of Defendant Sheriff Coleman. *See generally* doc. 1. The Court granted his request to proceed *in forma pauperis*, doc. 2, and he has returned the required forms, docs. 12 & 13.[1] The Court will, therefore, proceed to screen his Complaint. *See* 28 U.S.C. § 1915A(a).

---

[1] Cooper has sent correspondence to the Court expressing frustration concerning administrative delays in Chatham County Jail staff's processing of his Prisoner Trust Fund Account Statement. *See, e.g.,* doc. 10. However, his Consent to Collection of Fees from Trust Account form was signed on March 11, 2025, doc. 12 at 1, and, apparently submitted in the same envelope as the Account Statement form. By

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Cooper alleges that the Chatham County Detention Center has debited his commissary account approximately $310 for the cost of eye care, apparently provided to him in 2021. *See* doc. 1 at 3, 5. He alleges that the "bills are two and three years old and should have never been

---

operation of the "prison mailbox rule," the forms are deemed filed on the date that Cooper submitted them for mailing. *See, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). The Account Statement Form was signed on March 17, 2025, and the envelope in which that form and the Consent Form were submitted does not bear a discernable post mark, *see* doc. 12 at 2; *see also* doc. 14 at 1-2. In the absence of any clearer indication of when the forms were submitted for mailing, the Court infers that they were sent on March 17, 2025, which was within the deadline provided by the Court's Order. *See* doc. 4; *see also, e.g.,* Fed. R. Civ. P. 6(d). The Court, therefore, accepts the forms as timely submitted without the need for any extension of the deadline.

taken from [his account]," because he "has always been charged a $5 copay for medical, dental, or eye care." *Id.* at 5. He has named the Sheriff of Chatham County, Richard Coleman, "Geriatric Eye Group," apparently the provider, and "H. Hazard, grievance coordinator," as defendants. *Id.* at 4. He seeks damages in the amount of $25,000. *Id.* at 6.

Assuming, without deciding, that any of the named defendants is proper, Cooper's claim is fatally flawed. Courts have held that prison policies that require copayments for medical care are not unconstitutional. *See, e.g., Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("We thus join our fellow courts in holding that the imposition of a modest fee for medical services, standing alone, does not violate the Constitution."); 1 Michael B. Mushlin, Rights of Prisoners § 4:40 (5th ed. 2021) (noting that constitutional challenges to copayment plans "have not been successful."). The United States Court of Appeals for the Third Circuit has explained that "[t]here is nothing unconstitutional about a prison program that requires an inmate to pay for a small portion of his medical care so long as the provision of needed medical care is not conditioned on an inmate's ability or willingness to pay." *Harper v. Tritt*,

3

726 F. App'x 101, 103 (3d Cir. 2018); *see also Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) ("We reject the plaintiffs' argument that charging inmates for medical care is *per se* unconstitutional."); *Reynolds v. Wagner*, 936 F. Supp. 1216, 1228-29 (E.D. Penn. 1996) (finding co-payment requirement did not violate due process and collecting cases); *Hutchinson v. Belt*, 957 F. Supp. 97, 100 (W.D. La. 1996) (concluding that prison medical copayment policy did not violate the Fourteenth Amendment's Equal Protection Clause). Cooper's allegation that the funds were debited from his commissary account necessarily implies that he had the funds available and that he was not denied any medical care. To the extent that he asserts that the enforcement of the copayment policy violates his constitutional rights, his claim is **DISMISSED**. *See, e.g., Bingham v. Nelson*, 2009 WL 2982831, at * 3 (M.D. Ga. Sept. 11, 2009) ("Although plaintiff cannot be denied health care based upon his inability to pay, plaintiff makes no allegation that he is unable to pay, and, therefore, the imposition of a $5.00 copayment is not prohibited" and dismissing claim as frivolous).

Finally, to the extent that Cooper might allege some state law claim concerning the procedure for or the amount of the deduction, the Court

declines to exercise supplemental jurisdiction over such claims because he has failed to allege any viable federal claim. In such circumstances, dismissal of state claims is "strongly encourage[d] or even require[d]," notwithstanding the Court's discretion to exercise supplemental jurisdiction over them. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999). Accordingly, any claim allegedly arising from state law is **DISMISSED**.

Accordingly, Cooper's Complaint is **DISMISSED**. Doc. 1. His dispute of the imposition of the copayment for his eye care does not implicate the violation of any constitutional right. In the absence of any constitutional violation, actionable under § 1983, the Court declines to exercise supplemental jurisdiction over any state law claim arising from those allegations. While *pro se* parties are often entitled to an opportunity to amend claims before dismissal, such an opportunity is not warranted here because any amendment would be futile. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). The Clerk is **DIRECTED** to **CLOSE** this case.

Finally, the Court must assess Cooper's filing fee. *See* 28 U.S.C. § 1915(b). His Prisoner Trust Account Statement indicates that the

average monthly deposits to his prison trust account were $431.40 in the six months prior to the Complaint. Doc. 12 at 1. He, therefore, owes a $86.28 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," based upon average deposits to or balance in a prisoner's account, under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED,** this 3rd day of April, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA